J-S75008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| CHRISTOPHER SMITH | |
| Appellant | No. 3542 EDA 2015 |

Appeal from the PCRA Order October 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1115931-1991

BEFORE:  BOWES, MOULTON AND MUSMANNO JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 30, 2017**

Christopher Smith appeals *pro se* from the order entered October 30, 2015, denying his PCRA petition as untimely.  We affirm.

The facts of this case were set forth in the Pa.R.A.P. Rule 1925(a) opinion filed for purposes of direct appeal.

> On 19 September 1991 at 11:00 P.M., on the corner of 52nd and Haverford Avenues in Philadelphia, the defendant Christopher Smith and another unapprehended man tentatively referred to as "Marcus McDowell," shot to death James Williams, a heavy-set man in his thirties.  Co-defendant Kevin Fitzpatrick participated in this incident by agreeing to act as a look-out.
>
> On the night in question, although it was raining, the defendant and Marcus sat on the steps outside of a Chinese food restaurant in the vicinity of 52nd and Haverford.  The young co-defendant Fitzpatrick stood nearby and kept watch as he was instructed to do by Marcus.  The three men were observing James Williams, who was purchasing food from the Chinese restaurant and beer from a nearby bar.  As Mr. Williams left the restaurant with his

food and his beer, the defendant and Marcus left their station and approached the decedent from behind. One of the two men pulled out a large silver revolver and pointed it at Mr. Williams' head. After a brief conversation, the gunman pulled the trigger and Mr. Williams fell. As he lay in the street, the two perpetrators took his belongings and left.

Trial Court Opinion, 12/14/93, at 2-3 (citations omitted). In the weeks that followed the murder, Appellant and Fitzpatrick were apprehended. Appellant gave a statement admitting his involvement in the incident, but claimed that Marcus McDowell shot the victim. N.T., 10/7/92, at 184-89.

Appellant and Fitzpatrick elected to proceed to a joint bench trial, where Appellant was found guilty of, *inter alia*, second-degree murder and was sentenced to life imprisonment.[1] After sentencing, Appellant filed a direct appeal, and we affirmed, **Commonwealth v. Smith**, 655 A.2d 1049 (Pa.Super. 1994). Appellant did not seek further review. He timely sought PCRA relief, which was ultimately denied. We affirmed on August 27, 1998.[2] **Commonwealth v. Smith**, No. 2849 Philadelphia 1997 (unpublished memorandum) (Pa.Super. 1998). Appellant subsequently filed two

---

[1] The PCRA judge herein did not preside over this proceeding.

[2] Appellant's sentence was final before the 1995 amendments to the current PCRA became effective. The legislature provided a one-year grace period from the time constraints of filing a PCRA petition, from January 16, 1996 to January 16, 1997, for petitioners whose judgment of sentence preceded the PCRA. **See Commonwealth v. Alcorn**, 703 A.2d 1054 (Pa. 1997).

additional petitions for PCRA relief, both of which were dismissed due to the failure to file a brief.

The instant proceedings commenced on May 1, 2015, when Appellant filed a motion attaching an April 21, 2015 affidavit from an inmate, Steven Guilford, who stated the following. While engaged in small talk in the prison yard, Guilford informed Appellant that he grew up in West Philadelphia. Appellant then asked Guilford if he knew Marcus McDowell; Guilford replied that he did, but said Marcus's real name is Mark Kevin McDowell. Guilford further stated that he heard McDowell was involved in a murder. Guilford wrote that Mark McDowell has a twin brother, Anthony. The twin told Guilford at some unspecified point in time that the police moved Mark to Williamsport and "got him out of" the murder.[3]

_____

[3] We have reviewed the trial transcript and note that the detective who took Appellant's statement was asked on cross-examination about McDowell's possible involvement. Appellant's attorney stated that he possessed a statement by "Kevin" McDowell. N.T., 10/7/92, at 204. The detective was asked if this individual was actually Marcus McDowell. *Id*. The detective testified that he was not involved with speaking to that individual. However, he stated that, "To the best of my recollection, at some later point we found out that the Marcus McDowell we actually were looking for was the fellow that we had in that night with a different name." *Id*. at 204-05.

Appellant's theory appears to be that the Commonwealth deliberately released McDowell in exchange for information that Appellant was involved and suppressed his true name as well as the existence of some type of deal.

On September 17, 2015 the court issued its notice of intent to dismiss without a hearing. Appellant responded by filing an objection on October 6, 2015. This timely appeal followed the October 30, 2015 dismissal of Appellant's petition for PCRA relief. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. The following issues are presented for our consideration.

> I.  Did the PCRA court err by not finding that the Commonwealth violated *Brady v. Maryland*[4] when the Commonwealth failed to disclose the true identity of alleged co-conspirator, Marcus McDowell?
>
> II.  Did the PCRA court err by not finding that the Commonwealth and government violated *Brady v. Maryland* when the Commonwealth failed to disclose a substantial benefit given to alleged co-conspirator, Marcus McDowell?
>
> III.  Did the PCRA court err by not granting Appellant's application for leave to pursue discovery pursuant to Pennsylvania Rule of Criminal Procedure 902(E)(1) and in failing to grant that discovery request the PCRA violated Appellant's right to due process under the Fourteenth Amendment?

Appellant's brief at 8.

Initially, we observe that our review of the denial of a PCRA petition is well-settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283-83 (Pa. 2016) (quotation and citation omitted).

---

[4] *Brady v. Maryland*, 373 U.S. 83 (1963).

- 4 -

The timeliness of a petition implicates the PCRA court's ability to adjudicate the controversy. If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). We review that legal conclusion *de novo*. ***Id***. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence becomes final unless an exception applies. 42 Pa.C.S. § 9545(b)(1).

Appellant's sentence became final in 1994. Thus, the petition is timely only if one of the statutory exceptions applies. These exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Herein, Appellant's petition jointly invokes the § 9545(b)(1)(i) and (ii) exceptions. The § 9545(b)(1)(ii) exception requires the petitioner to establish (1) that the facts upon which the claim was predicated were

unknown and (2) that the facts could not have been discovered through the exercise of due diligence. ***Commonwealth v. Bennet***, 930 A.2d 1264, 1272 (Pa. 2007).  We do not conduct a merits-based analysis of the actual claim. ***See Commonwealth v. Cox***, 146 A.3d 221, 229, n.11 (Pa. 2016) (describing the function of § 9545(b)(1)(ii) as that of a "gatekeeper . . . limited to considering only the existence of a previously unknown fact that would allow a petitioner to avoid the strict one year time-bar.").  A petition invoking any of these exceptions must be filed within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant contends that he presented the newly-discovered facts within sixty days, as the Commonwealth failed to disclose McDowell's true identity and the purported favorable treatment during discovery in violation of ***Brady v. Maryland***, 373 U.S. 83 (1963).  "Although a ***Brady*** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008). Furthermore, as with the newly-discovered evidence exception, we do not conduct a merits analysis of the underlying ***Brady*** claim in resolving a timeliness inquiry.  ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008).

The PCRA court explained its reasons for deeming the petition untimely as follows.

> Petitioner, who confessed to participating in the crime, failed however to demonstrate that the identity of his alleged co-conspirator was unascertainable with the exercise of due diligence. Instead, Petitioner outright dismissed his obligation of demonstrating due diligence by baldly asserting that Marcus's "true identity" was undiscoverable because the government actively suppressed the information. Petitioner ignored the fact that according to Mr. Guilford's affidavit, Mr. McDowell was known as Marcus by his family and friends. Thus, despite Petitioner's complicity in the offense and awareness of his co-conspirator's widely-acknowledged alias, he nevertheless rejected his obligation under subsection 9545(b)(1). Petitioner's unfounded speculation of a governmental cover-up did not relieve him of his burden to demonstrate due diligence. Petitioner thus failed to establish timeliness under either cited PCRA subsection.

Trial Court Opinion, 12/15/15, at 4-5.

We agree that Appellant has failed to demonstrate that he acted with due diligence in ascertaining his alleged co-conspirator's true name. Appellant has failed to establish why he could not have learned McDowell's legal name through due diligence, nor has he attempted to establish that the government interfered with his ability to do so. Indeed, our review of Appellant's statement shows that Appellant identified McDowell in a photo array and stated, "I heard that he told the cops that I shot the guy." N.T., 10/7/92, at 185. Nothing prevented Appellant from investigating McDowell's involvement.

- 7 -

More significantly, we note that the facts upon which the claim is predicated goes far beyond the mere fact of McDowell's name. As reflected in Appellant's second claim on appeal, he alleges that the "Commonwealth failed to disclose a substantial benefit given to alleged co-conspirator, Marcus McDowell." Appellant's brief at 8.

However, this alleged deal is not demonstrated by the affidavit. In *Commonwealth v. Brown*, 141 A.3d 491 (Pa.Super. 2016), we examined an affidavit wherein the writer alleged that a third party, Tommy Lemon, confessed to the litigant's crime. *Id*. at 501. We concluded that the affidavit did not constitute a newly-discovered fact.

> We conclude that [the affidavit] does not constitute a newly-discovered fact. We find instructive our Supreme Court's decision in *Commonwealth v. Yarris,* 557 Pa. 12, 731 A.2d 581 (1999). In *Yarris,* the petitioner sought to invoke the newly-discovered fact exception to the PCRA's timeliness requirement. He relied upon an affidavit by an individual who said that she heard another individual, not the petitioner, confess to the murder for which the petitioner had been convicted. Our Supreme Court held
>
>> that the evidence which purportedly reveals that someone other than [the petitioner] committed the murder is hearsay, not within any exception, and so unreliable as to be inadmissible. A claim which rests exclusively upon inadmissible hearsay is not of a type that would implicate the [newly-discovered fact] exception to the timeliness requirement, nor would such a claim, even if timely, entitle [the petitioner] to relief under the PCRA.

*Id*. at 592.

> The alleged confession by Tommy Lemon is hearsay as it is an out-of-court statement offered for the truth of the matter asserted. *See* Pa.R.Evid. 801(c). Any argument that Tommy Lemon's confession was a statement against interest fails because "for this exception to apply, the declarant must be unavailable as a witness, *see* Pa.R.Evid. 804(b), and [A]ppellant offers no proof [Lemon] is not available.

*Id*. at 501–02 (alterations in original). Herein, the affidavit does not even present a purported confession by a third party overheard by the affidavit-writer/witness. Rather, Appellant avers that Guilford could testify to speculation by McDowell's brother that the police covered up McDowell's involvement in the murder. This alleged fact does not fall under the pertinent exception.

Next, we address Appellant's assertion that the PCRA court erred by denying his request for discovery. His *pro se* petition sought two items: any statements by McDowell from the interview that took place on September 28, 1991, and the contract that afforded McDowell his freedom. PCRA Petition, 5/1/15, at 7.

Discovery in non-capital cases is permitted only upon leave of court after a showing of exceptional circumstances. Pa.R.Crim.P. 902(E)(1). That phrase is not defined, and it is "for the trial court, in its discretion, to determine whether a case is exceptional and discovery is therefore warranted." **Commonwealth v. Frey**, 41 A.3d 605, 611 (Pa.Super. 2012).

However, while Rule 902(E) applies at "any stage of the proceedings," we explained in **Commonwealth v. Johnston**, 42 A.3d 1120 (Pa.Super. 2012), that the ability to grant discovery is conditioned on jurisdiction.

> However, the PCRA Court's ability to order discovery is precluded by the lack of jurisdiction demonstrated by the failure of the Appellants to satisfy the § 9545(b)(1)(ii) exception to the time-bar. As has been routinely stated by the Supreme Court of Pennsylvania, "[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed."
>
> We, therefore, conclude that Appellants' second *pro se* PCRA petitions were untimely, and that they failed to meet an exception to the PCRA timeliness requirements. **Because the PCRA court below lacked jurisdiction, it was precluded from entertaining a motion for PCRA discovery.**

**Id**. at 1130 (citations omitted, emphasis added). Thus, the court was precluded from entertaining Appellant's motion and no error inhered in denying that request. Additionally, while Appellant claims the denial of his request violated his constitutional due process rights, that argument is not developed in any fashion. "While this Court may overlook minor defects or omissions in an appellant's brief, we will not act as his or her appellate counsel." **Commonwealth v. Freeman**, 128 A.3d 1231, 1249 (Pa.Super. 2015) (citing **Bombar v. W. Am. Ins. Co.,** 932 A.2d 78, 93 (Pa.Super. 2007)).

Finally, we address Appellant's September 19, 2016 Application for Relief, which requests that we reverse the judgment of the PCRA court due

- 10 -

to the Commonwealth's failure to file a timely brief. Appellant correctly notes that the Commonwealth did not comply with our July 21, 2016 *per curiam* order, which granted a second extension of time to file a brief, with a due date of August 15, 2016. The order specifically stated that no further extensions would be granted absent extraordinary circumstances. The Commonwealth did not file its brief until September 16, 2016 and did not seek an extension.

While we disapprove of the Commonwealth flouting our order, Appellant is not entitled to a windfall. The applicable Rule of Appellate Procedure states:

> If an appellant fails to file his designation of reproduced record, brief or any required reproduced record within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter. If an appellee fails to file his brief within the time prescribed by these rules, or within the time as extended, he will not be heard at oral argument except by permission of the court.

Pa.R.A.P. 2188. Thus, an appellee may move for dismissal due to an untimely brief, but an appellant may not. Moreover, we did not consider the Commonwealth's brief in reaching our decision. *See Commonwealth v. Tisdale*, 100 A.3d 216, 217, n.4 (Pa.Super. 2014) (arguments advanced in untimely Commonwealth brief will not be considered). Hence, we deny the application.

Application for Relief denied. Order affirmed.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/30/2017